U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JAN 1 3 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| YAKOV G. DRABOVSKIY | : | DOCKET NO. 07-1385 |
| VS. | : | JUDGE TRIMBLE |
| JP YOUNG, ET AL | : | MAGISTRATE JUDGE KAY |

## ORDER

Before the Court is a Motion for Reconsideration (doc. #54) of this Court's Judgment dated November 7, 2008[1] wherein we adopted the report and recommendation of the Magistrate Judge and dismissed Petitioner's petition for writ of *habeas corpus*. Also before the Court is another "Motion"[2] wherein Petitioner seeks to have this Court postpone payment for filing the appeal of the above mentioned Judgment until we have first decided the motion for reconsideration.

Petitioner filed a Notice of Appeal on December 8, 2008. The Fifth Circuit assigned the appeal docket no. 08-31217 on December 31, 2008. Because Petitioner has appealed the November 7, 2008 ruling to the Fifth Circuit, we do not have jurisdiction to consider the motion for reconsideration. Rule 60 (b)(1) of the Federal Rules of Civil procedure requires that Petitioner first seek leave of the appellate court before this Court can consider said motion.[3] Accordingly, it is

---

[1] Doc. #49.

[2] Doc. #57.

[3] Rule of Civil Procedure 60 provides the following:
(a) **Corrections Based on Clerical Mistake; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own,

**ORDERED** that the motion for reconsideration (doc. #54) is hereby **DENIED** and the motion for postponement of payment of appeal filing fee (doc. #57) is **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of January, 2009.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

with or without notice. But after an appeal has been docketed in the appellate court and while it is pending such a mistake may be corrected only with the appellate court's leave.